# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN RODRIGUEZ-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-54-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jonathan Rodriguez-Ruiz appeals the 151-month within-guidelines sentence imposed following his guilty plea to possession with intent to distribute a controlled substance. Rodriguez-Ruiz challenges the substantive reasonableness of his sentence, arguing that the district court "should have granted a downward departure or variance from the Guidelines because of the cumulative factors presented to the court."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10234

To the extent that Rodriguez-Ruiz challenges the district court's denial of a downward departure, "[t]his court lacks jurisdiction to review a downward-departure denial unless . . . the district court held a mistaken belief that the Guidelines do not give it the authority to depart." *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006) (emphasis omitted). Contrary to Rodriguez-Ruiz's suggestion that it is unclear from the record whether the district court believed it lacked the authority to depart, the record reflects that the court considered sentencing him below the applicable guidelines range yet determined that a below-guidelines sentence was not warranted. Accordingly, this court lacks jurisdiction to review the district court's denial of a downward departure. *See Sam*, 467 F.3d at 861.

Rodriguez-Ruiz has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he has not demonstrated that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.